IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM HAYDEN,

    Plaintiff,

vs.    No.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
TRANSPORTATION SECURITY ADMINISTRATION, AND
TSA EMPLOYEES 1-3,

    Defendants.

## COMPLAINT FOR NEGLIGENCE

COMES NOW, the Plaintiff William Hayden, (Mr. Hayden), by and through his attorneys of record, Duhigg & Berlin, P.A., (Robert A. Berlin), and hereby complains of Defendants, as follows:

## INTRODUCTION

1. This Court has jurisdiction in this matter, pursuant to 28 U.S. Code § 2671 et seq., in that this is a tort action against the United States of America.

2. At all times hereinafter mentioned, Plaintiff William Hayden, (Mr. Hayden), is a citizen of the United States of America who lives in Madison, New Hampshire, Carroll County.

3. At all times hereinafter mentioned, Albuquerque International Sunport is an airport located in Albuquerque, New Mexico, Bernalillo County.

4. Upon information and belief, Albuquerque International Sunport is federally operated.

5. Albuquerque International Sunport is an airport where citizens from all across the United States travel to and from in order to arrive at a final destination.

1

6. At all times hereinafter mentioned, on or about August 9, 2023, Defendant United States Department of Homeland Security, through the Transportation Security Administration, was responsible for maintaining security at Albuquerque International Sunport, including the process by which travelers walk through a security screening, such as metal detectors. One such traveler was Plaintiff William Hayden.

7. At all times hereinafter mentioned, on or about August 9, 2023, Defendant Transportation Security Administration (Defendant TSA), was responsible for ushering travelers through security screenings, such as metal detectors.

8. Upon information and belief, on or about August 9, 2023, Defendant TSA and its employees were responsible for helping disabled travelers through security screenings, such as metal detectors, at Albuquerque International Sunport, by providing assistance when such travelers enter or exit the metal detectors.

9. This matter arises out of an incident that occurred on or about August 9, 2023, at Albuquerque International Sunport in Albuquerque, New Mexico.

10. On or about August 9, 2023, Mr. Hayden was traveling with his wife, Iona Hayden, to Madison, New Hampshire.

11. Upon information and belief, Mrs. Hayden requested a wheelchair for her husband, at Albuquerque International Sunport, because Mr. Hayden has difficulty walking and requires assistance with a cane.

12. Upon information and belief, on or about August 9, 2023, Mr. and Mrs. Hayden checked in at Albuquerque International Sunport. They were provided a wheelchair and then headed to a security screening.

13. Upon information and belief, on or about August 9, 2023, when Mr. and Mrs. Hayden arrived at the security screening, Mr. Hayden was asked by a Defendant TSA employee whether he could walk through the metal detector without assistance.

14. Upon information and belief, on or about August 9, 2023, Mr. Hayden replied that he could.

15. Before getting out of his wheelchair and going through security, Mr. Hayden told a Defendant TSA employee that he would need his cane or wheelchair after exiting the metal detector. The Defendant TSA employee assured him his cane would be there once he went through the screening.

16. Upon information and belief, before entering the metal detector, Mr. Hayden had surrendered his cane.

17. The security screening was completed without incident.

18. Upon information and belief, on or about August 9, 2023, no one returned Mr. Hayden's cane to him when he exited the metal detector.

19. Upon information and belief, on or about August 9, 2023, a Defendant TSA employee took Mr. Hayden's cane when he went through the security screening area.

20. After Mr. Hayden went through the security screening, Mrs. Hayden was trying to find his cane or wheelchair. Mrs. Hayden asked three different TSA employees, but no one helped.

21. Mr. Hayden was told by a Defendant TSA employee, after walking through the metal detector, to move out of the way, so he tried to walk to the conveyor belt to get his bag. He was not given his cane or wheelchair.

22. Upon information and belief, on or about August 9, 2023, Mr. Hayden took a couple of steps forward, slipped and fell.

23. Upon information and belief, Mr. Hayden has neuropathy in his feet and has difficulty feeling the ground, which is why he needs his cane for assistance.

24. Upon information and belief, on or about August 9, 2023, after Mr. Hayden fell, a Defendant TSA employee placed his cane next to Mr. Hayden on a bench and walked away.

25. Upon information and belief, a police officer came over to Mr. Hayden and asked if he was okay.

26. Mr. Hayden replied he had significant pain in his right hip but wanted to complete his journey home before seeing a doctor.

27. Mr. Hayden was helped into a wheelchair and taken to his gate.

28. Mr. Hayden arrived in Madison, New Hampshire, and shortly thereafter saw a doctor who diagnosed him with a broken right hip.

29. On or about August 9, 2023, Defendant TSA and its employees failed to properly maintain and operate the security screening area at the Albuquerque International Sunport because employees failed to provide assistance, despite Mrs. Hayden asking for help, to Mr. Hayden after he exited the security screening area, but before he could retrieve his cane or get into his wheelchair.

30. Defendant TSA and its employees took Mr. Hayden's cane and wheelchair and did not return it immediately after he exited the security screening metal detector. Instead, a Defendant TSA employee told Mr. Hayden to get out of the way.

31. Immediately after Mr. Hayden fell, no one from Defendant TSA or its employees tried to assist Mr. Hayden, but instead, one placed his cane on the bench and walked away.

32. Had assistance been provided immediately after Mr. Hayden exited the security screening, on or about August 9, 2023, Mr. Hayden would not have fallen and broken his right hip, causing damages.

33. Mr. Hayden has complied with all the prerequisites to filing this lawsuit. Moreover, this civil action is timely filed.

34. This Court has jurisdiction over the parties and subject matter to this litigation.

## FIRST CAUSE OF ACTION
### (Negligence by Defendant United States Department of Homeland Security)

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-32, above, as if provided herein, in full.

36. On or about August 9, 2023, Plaintiff William Hayden and his wife, Iona Hayden, checked into Albuquerque International Sunport, where they were flying home to Madison, New Hampshire.

37. Mr. Hayden requested and was provided a wheelchair because he has difficulty walking and requires a cane.

38. When Mr. Hayden arrived at the security screening, upon information and belief, a Defendant TSA employee asked whether Mr. Hayden could walk through the metal detector without assistance.

39. Mr. Hayden responded that he could and proceeded through the metal detector without incident.

40. Before getting out of his wheelchair and going through security, Mr. Hayden told a Defendant TSA employee that he would need his cane or wheelchair after exiting the metal detector. The Defendant TSA employee assured him his cane would be there once he went through the screening.

41. Mr. Hayden surrendered his cane prior to walking through the metal detector.

42. After Mr. Hayden went through the metal detector, Mrs. Hayden was trying to find his cane or wheelchair. She asked three different TSA employees, but no one helped.

43. Instead, after walking through the metal detector, a Defendant TSA employee instructed Mr. Hayden to get out of the way.

44. Mr. Hayden was not given his cane or wheelchair.

45. Mr. Hayden has neuropathy in his feet, causing him to have difficulty feeling the ground when he walks, which is why he requires a cane.

46. Upon information and belief, on or about August 9, 2023, Mr. Hayden took a couple of steps forward, slipped, and fell.

47. A Defendant TSA employee placed Mr. Hayden's cane next to him and walked away.

48. A police office came over to Mr. Hayden and asked if he was alright to which Mr. Hayden replied that he had significant pain in his right hip but wanted to complete his journey home before seeing a doctor.

49. When Mr. Hayden arrived home and saw a doctor, he was diagnosed with a broken right hip.

50. Upon information and belief, on or about August 9, 2023, Defendant TSA failed to maintain and operate the security screening area at Albuquerque International Sunport because Defendant TSA employees failed to provide assistance to Mr. Hayden immediately after he exited the metal detector.

51. Upon information and belief, on or about August 9, 2023, Defendant TSA failed to maintain and operate the security screening area at Albuquerque International Sunport because employees did not provide Plaintiff Hayden with his cane or wheelchair immediately after he exited the metal detector, even though Mrs. Hayden asked Defendant TSA employees for help finding Mr. Hayden's cane or wheelchair.

52. Upon information and belief, on or about August 9, 2023, Defendant TSA failed to maintain and operate the security screening area because it did not have or failed to follow proper procedures that were in place when dealing with somebody such as Mr. Hayden who needed assistance after exiting the security screening metal detector.

53. Had assistance been immediately provided, Mr. Hayden would not have fallen and broken his right hip.

54. Defendant TSA owed a duty to Mr. Hayden to ensure that he could exit the metal detector security screening area without incident.

55. By failing to ensure Mr. Hayden's safety, Defendant TSA breached that duty.

56. That failure was the proximate cause of Mr. Hayden's slip and fall and resulted in him suffering significant damages, particularly to his right hip.

57. Defendant United States Department of Homeland Security and Transportation Security Administration is liable for the injuries sustained by Plaintiff Hayden and for all damages suffered by Mr. Hayden, including pain, suffering, and medical expenses.

WHEREFORE, Plaintiff Hayden demands judgment against the Defendant United States Department of Homeland Security for compensatory damages, costs of suit, interests as appropriate and other such relief as the Court deems appropriate.

**SECOND CAUSE OF ACTION**
**(Negligence by Defendant TSA Employees 1-3)**

58. Plaintiff repeats and realleges each and every allegation set forth above, as if provided herein in full.

59. Upon information and belief, on or about August 9, 2023, and at all times hereinafter relevant, Defendant TSA Employees 1-3, were responsible for maintaining and operating the security screening at Albuquerque International Sunport.

60. Upon information and belief, on or about August 9, 2023, Defedant TSA Employees 1-3, were responsible for helping individuals who needed assistance, such as Mr. Hayden, through the security screening.

61. Upon information and belief, on or about August 9, 2023, Defedant TSA Employees 1-3, were aware that Mr. Hayden was in a wheelchair and walked with a cane when he arrived at the security screening area.

62. A Defendant TSA employee asked Mr. Hayden whether he could walk without assistance through the security screening metal detector.

63. Mr. Hayden replied that he could and walked into and out of the metal detector without incident.

64. Before getting out of his wheelchair and going through security, Mr. Hayden told a Defendant TSA employee that he would need his cane or wheelchair after exiting the metal detector. The Defendant TSA employee assured him his cane would be there once he went through the screening.

65. However, after walking through the metal detector, upon information and belief, on or about August 9, 2023, a Defendant TSA employee did not provide Mr. Hayden with his cane or wheelchair, but instead told him to get out of the way. This was despite Mrs. Hayden asking three Defendant TSA employees for help finding Mr. Hayden's cane or wheelchair.

66. Upon information and belief, on or about August 9, 2023, Defendant TSA Employees 1-3, knew or had reason to know Mr. Hayden required assistance because they saw him in his wheelchair and asked whether he needed his cane before entering the metal detector.

67. Defendant TSA employees knew or had reason to know that Mr. Hayden would need his cane or wheelchair after exiting the metal detector.

68. Defendant TSA Employees 1-3 owed a duty to Mr. Hayden to ensure his safety and provide assistance after exiting the security screening metal detector.

69. Defendant TSA Employees 1-3 failure to provide such assistance was a breach of that duty.

70. Upon information and belief, on or about August 9, 2023, Defendant TSA failed to maintain and operate the security screening area because it did not have or failed to follow proper procedures that were in place when dealing with somebody such as Mr. Hayden who needed assistance after exiting the security screening metal detector.

71. Defenant TSA Employees 1-3 failure to help find Mr. Hayden's cane or wheelchair after he exited the metal detector, despite his wife asking for their help, was a further breach of that duty.

72. Such a breach resulted in Mr. Hayden taking a couple of steps forward, slipping, then falling, which was a proximate cause of his injuries.

73. This failure led to his damages, including a broken right hip.

74. Upon information and belief, on or about August 9, 2023, Defendant U.S. Department of Homeland Security Transportation Security Adminstration employeed TSA Empoyees 1-3, and others like them to provide and/or ensure safety to individuals such as Mr. Hayden when going through a security screening.

75. Defendant U.S. Department of Homeland Security is therefore liable for the negligence of Defendant TSA Employees 1-3, and therefore, all damages suffered by Plaintiff.

76. Plaintiff Hayden experienced pain, suffering, disability, loss of enjoyment of life, and was forced to incur medical expenses.

77.     Defendant TSA Employees 1-3, and Defendant U.S. Department of Homeland Security Transportation Administration are liable to plaintiff for all such damages.

WHEREFORE, Plaintiff Hayden demands judgment against the Defendant TSA Employees 1-3, and Defendant U.S. Department of Homeland Security Transportation Security Administration, for compensatory damages, costs of lawsuit, interests as appropriate and other such relief as the Court deems appropriate.

Electronically filed:

By: */s/ Robert A. Berlin*
    ROBERT A. BERLIN, NM BAR #150769
    Duhigg & Berlin, P.A.
    *Attorneys for Plaintiff*
    P. O. Box 527
    Albuquerque, NM  87103-0527
    Telephone: (505) 243-3751
    Facsimile: (505) 246-9797
    rberlin@duhigglaw.com